# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 22-CR-146 JLS |
| Plaintiff, | |
| v. | PROTECTIVE ORDER |
| LUIS SANUDO, | |
| Defendant. | |

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure pertaining to pretrial discovery, and to prevent premature disclosure of evidence to other targets, subjects, and witnesses of ongoing investigations,

IT IS HEREBY ORDERED that the defendant, counsel of record, and the counsel's assistants, as hereafter defined, shall not disclose the substance of any discovery material received from the Government in the above-captioned matter, including all Title III documents, to any third party, unless such material is already a matter of public record, without prior approval of this Court;

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure,

IT IS FURTHER ORDERED that the United States Attorney and the Assistant United States Attorneys assigned to this case (hereafter collectively referred to as "the Government") and their assistants, the defendant, counsel of record and counsel's assistants, shall not disclose the substance of any discovery material produced to the defendant or obtained by the Government from the defendant, unless such material is already a matter of public record, to representatives of the media or other third parties not involved in any way in the investigation or prosecution of the case;

Except that nothing contained herein shall prevent the Government, or any defendant or counsel of record, from disclosing such discovery material to any other attorneys

working for the Government, the defendant or counsel of record, government agents (federal, state or local), private investigators, experts, secretaries, law clerks, paralegals, or any other person who is working for the Government or the defendant and counsel of record (collectively referred to as "assistants") in the investigation or preparation of this case or, with respect to the Government and its assistants only, in other criminal investigations, without prior court order;

Further, nothing contained herein shall preclude the Government, defendant or counsel of record, or respective assistants from conducting a normal investigation of the facts of this case on behalf of the Government or said defendant, or with respect to the Government and its assistants only, from conducting an investigation of other criminal activity, including interviewing witnesses disclosed by said discovery materials, or from taking statements from witnesses disclosed by said discovery materials, or from asking said witnesses if they themselves have made prior statements to the Government that are disclosed in the discovery materials, and about the contents of such statements.  In connection with any such investigation, it shall not be necessary that the Government, the defendant or counsel of record, or counsel's respective assistants, obtain prior permission of this Court.

Should counsel withdraw or be disqualified from participation in this case, any material received and any copies derived therefrom, shall be returned to the Government within ten (10) days.

Defense counsel and the Government shall be required to communicate the substance of this order and explain it to the client and assistants before disclosing the substance of the discovery to the client or assistants.

**SO ORDERED**.

DATED: August 31, 2022

*Janis L. Sammartino*
The Honorable Janis L. Sammartino
UNITED STATES DISTRICT JUDGE

I consent to the entry of the attached protective order in the case of *United States v. Limon et al.*, Criminal Case No. 22-CR-146 JLS.

DATE:   August 31, 2022            /s/ *Owen Roth*
                                   OWEN ROTH
                                   Assistant United States Attorney

DATE:   August 31, 2022            /s/ *Michael A. Hernandez*
                                   MICHAEL A. HERNANDEZ
                                   Attorney for Defendant L. Sanudo